UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
JOSUE PAGUADA, *on behalf of himself and all others* :
*similarly situated*, :
: 20-CV-9535 (JMF)
Plaintiff, :
: ORDER OF DISMISSAL
-v- :
:
MOUTH FOODS, INC., :
Defendant. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On November 12, 2020, Plaintiff filed his Complaint in this action. ECF No. 1. Defendant was served with the summons and complaint on November 19, 2020, and proof of such service was filed on the docket. ECF No. 6. To date, Defendant has neither answered the Complaint, nor otherwise appeared in this action. On December 14, 2020, the Court ordered Plaintiff to file any motion for default judgment no later than December 28, 2020. *See* ECF No. 7. On December 29, 2020, after that deadline passed without any such motion being filed, the Court ordered Plaintiff to show cause, in writing and filed on ECF, why the Court should not dismiss this case for failure to prosecute. ECF No. 8. Plaintiff was warned that "[i]f the Court does not receive any such communication from Plaintiff by **January 5, 2021**, the Court will dismiss the case without further notice." *Id.* To date, Plaintiff has neither filed a motion for default judgment, nor shown cause why this case should not be dismissed for failure to prosecute.

The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice because of his failure to

prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004).  Because dismissal is "one of the harshest sanctions at a trial court's disposal," it must be "reserved for use only in the most extreme circumstances." *Id.* at 251.  In considering a Rule 41(b) dismissal, courts must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

In this case, Plaintiff was ordered to file any motion for default judgment no later than December 28, 2020, and to show cause why the case should not be dismissed for failure to prosecute no later than January 5, 2021.  Further, Plaintiff was on notice after the order to show cause, *see* ECF No. 8, that any failure to comply with the Court's order could result in dismissal.

In light of Plaintiff's apparent unwillingness to comply with the Court's deadlines, and the Court's inability to proceed without the parties' participation, dismissal of the case is warranted.  However, the Court finds that dismissal without prejudice is more appropriate than dismissal with prejudice.  *See Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013) (finding that "the lesser sanction of dismissal without prejudice . . . is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendants" (internal quotation marks omitted)).

Accordingly, it is hereby ORDERED that the case is dismissed without prejudice for failure to prosecute. The Clerk of Court is directed to close the case. Additionally, Plaintiff is ORDERED to mail a copy of this Order to Defendant.

SO ORDERED.

Dated: January 6, 2021
New York, New York

JESSE M. FURMAN
United States District Judge